IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01623-REB-MJW

SUZANNE KENNEDY, on behalf of herself and all others similarly situated,

     Plaintiff(s),

v.

THE COCA-COLA COMPANY,
GERBER PRODUCTS COMPANY,
HAIN CELESTIAL GROUP, INC., and
MOTT'S INC.,

     Defendant(s).

---

## STIPULATION AND PROTECTIVE ORDER
( Docket po 40.-1 )

### 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

The parties also acknowledge that they agree that all information disclosed or produced in this litigation, whether it is designated as confidential or

not, shall only be used in connection with prosecuting, defending, or attempting to settle this litigation and for no other purpose.

The parties further acknowledge, as set forth in Section 10 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal, and that D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including proprietary or commercially-sensitive business and financial information and trade secrets.

2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  A subset of this category that is

particularly sensitive shall be marked "Highly Confidential - Attorneys' Eyes Only (Outside Counsel Only)" and may not be disclosed to House Counsel for any Party except the Party that produced the Discovery Material.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (and their support staffs).

2.10   House Counsel:  attorneys who are employees of a Party (and their support staffs).

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel.

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, ~~plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.~~

## 4.    DURATION

The confidentiality obligations imposed by this Order shall remain in effect after the termination of this litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routine designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not

qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "Confidential - Subject to Protective Order" or "Highly Confidential - Attorneys' Eyes Only" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential - Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential - Subject to Protective Order" or "Highly Confidential - Attorneys' Eyes Only") at the top or bottom of each page that contains Protected Material.

(b)    For testimony given in depositions or in other pretrial or trial proceedings, a Party or the non-party offering or sponsoring the testimony, shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes

Only." On the request of a Party, any person not listed in Section 7.2 shall be excluded from any deposition during the period in which information that qualifies as "Confidential" is disclosed and any person not listed in Section 7.3 shall be excluded from any deposition during the period in which information that qualifies as "Highly Confidential – Attorneys' Eyes Only" is disclosed.

A Party or the non-party that sponsors, offers, or gives the testimony, may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential - Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulation and Protective Order. If no designation is made within twenty (20) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information. The parties shall treat all deposition and other testimony as "Highly Confidential - Attorneys' Eyes Only" until the expiration of the 20-day period, unless all parties agree in writing that all or a portion of the testimony does not contain "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information.

Transcripts that contain Protected Material must be labeled "Confidential - Subject to Protective Order" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, in a way reasonably designed to notify users that portions of the transcript are governed by this Order. If such a transcript is not labeled by the

court reporter, any Party who maintains a copy of the transcript is responsible for complying with this labeling requirement.

(c)     For information produced in some form other than documentary, for electronically-stored information that cannot be labeled on each page that contains protected material, and for any other tangible items, the Producing Party shall affix in a prominent place on the medium used to produce the information or item or on the exterior of the container or containers in which the information or item is stored the legend "Confidential - Subject to Protective Order" or "Highly Confidential - Attorneys' Eyes Only."

5.3     Designation By A Party of Information From a Non-Party.  A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification of the documents or discovery materials the Party believes are "Confidential" within thirty (30) days after receiving such documents or discovery materials.  A party may not designate documents produced by a non-party as "Confidential" unless said documents consist, contain or comprise the party's Confidential Information.

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving

Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged

material and sets forth in detail the basis for the challenge.  Each such motion

must be accompanied by a competent declaration that affirms that the movant

has complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality

designation that was given by the Designating Party in the meet and confer

dialogue.

The burden of persuasion in any such challenge proceeding shall be on

the Designating Party.  Until the court rules on the challenge, all parties shall

continue to afford the material in question the level of protection to which it is

entitled under the Designating Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material

that is disclosed or produced by another Party or by a non-party in connection

with this case only for prosecuting, defending, or attempting to settle this

litigation.  Such Protected Material may be disclosed only to the categories of

persons and under the conditions described in this Order.  When the litigation

has been terminated, a Receiving Party must comply with the provisions of

Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at

a location and in a secure manner that ensures that access is limited to the

persons authorized under this Order.

7.2    <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)    the Parties' Outside Counsel of record in this action, as well as their associated attorneys, paralegals, clerical staff, and professional vendors to whom disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the Protective Order;

(b)    the Receiving Party's officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the Protective Order;

(c)    Experts (as defined in this Order) of the Receiving Party and including their employees and support personnel, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)    the court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order." "Confidential" information may be shown to a witness who will not sign the "Agreement to Be Bound by Protective Order," but only with the authorization of the Designating Party for the information at issue;

(g)     the author of the document or the original source of the information; and

(h)     an insurer or insurer's claims counsel to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order."

7.3     Disclosure of Highly Confidential – Attorneys' Eyes Only Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Parties' Outside counsel of record in this action, as well as employees and professional vendors of said counsel to whom disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the Protective Order;

(b) House Counsel of a Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order";

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Agreement to Be Bound by Protective Order";

(d) the court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order;

(f) the author of the document, the original source of the information, or, during a deposition, a witness who, as established by testimony or otherwise, received or reviewed the document in the course of his or her ordinary business outside the context of this litigation; and

(g) an insurer or insurer's claims counsel to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order."

7.4     Disclosure of Discovery Material Designated as "Highly Confidential - Attorneys' Eyes Only (Outside Counsel Only)."

Information designated as "Highly Confidential - Attorneys' Eyes Only (Outside Counsel Only)" shall be handled as set forth in Section 7.3, above, except that a Receiving Party may not disclose any such information to House Counsel for a Party other than the Party that produced the information.  On the request of a Party, another Party's House Counsel shall be excluded from any deposition during the period in which information that qualifies as "Highly Confidential – Attorneys' Eyes Only (Outside Counsel Only)" is disclosed.

7.5 Exceptions.

Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a Party from disclosing Protected Materials to the person whom the document identifies as a sender, author, or recipient of such

Protected Material (including carbon copy or blind carbon copy recipients). Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of this Order.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this

case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound."

10.    **FILING PROTECTED MATERIAL**

Subject to the Colorado and Federal Rules of Evidence, or any other applicable rules, information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" may be offered in support of or in opposition to any motions, and in evidence at trial or any Court hearing. In such event, the information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall not lose its confidential status.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2.

## 11. INADVERTENT DISCLOSURE OF WORK PRODUCT OR PRIVILEGED MATERIAL

Inadvertent production of Disclosure or Discovery Materials subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. Such inadvertently produced documents shall be returned to the Producing Party upon request. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already seen them prior to the request to return them. Counsel for the Party responsible for the disclosure shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Disclosure or Discovery Materials from the recipient(s) thereof. Compliance with the foregoing shall not prevent the Designating Party or Receiving Party from seeking further relief from the court.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, including but not limited to a final judgment entered herein, a settlement, or the date when all appeals are resolved, each Receiving Party must return Discovery Material produced in this litigation, including but not limited to all Protected Material, to the Producing Party or destroy all Discovery Material. This includes all copies, abstracts,

compilations, summaries or any other form of reproducing or capturing any of the Discovery Material. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that identifies (by category, where appropriate) all the Discovery Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Discovery Material.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 13.    MISCELLANEOUS

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The undersigned counsel-of-record for the parties hereby stipulate and consent to entry of the foregoing Stipulation and Protective Order:

___/s/ Patrick J. Sheehan_____

| | |
|---|---|
| WHATLEY DRAKE & KALLAS, LLC<br>Joe R. Whatley, Jr.<br>Patrick J. Sheehan<br>1540 Broadway, 37th Floor<br>New York, NY 10036<br>Telephone: (212) 447-7070<br>Facsimile: (212) 447-7077<br>Email: jwhatley@wdklaw.com | EMERSON POYNTER LLP<br>John G. Emerson<br>830 Apollo Lane<br>Houston, Texas 77058-2610<br>Telephone: (281) 488-8854<br>Email:<br>jemerson@emersonpoynter.com |
| HOWARD RUBINSTEIN ATTORNEY AT LAW<br>914 Waters Avenue, Suite 20<br>Aspen, Colorado 81611<br>Telephone: (832) 715-2788<br>Email: howardr@pdq.net | EMERSON POYNTER LLP<br>Scott E. Poynter<br>The Museum Center<br>500 President Clinton Ave, Suite 305<br>Little Rock, AR 72201<br>Telephone: (501) 907-2555<br>Email: scott@emersonpoynter.com |
| Counsel for Plaintiff | JIGARJIAN LAW OFFICE<br>Robert A. Jigarjian<br>28 Tunstead Avenue<br>San Anselmo, CA 94960<br>Telephone: (415) 341-6660<br>Email: jigarjianlaw@gmail.com |

_____ /s/ Michèle B. Corash _____

Michèle B. Corash
James M. Schurz
William F. Tarantino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
Email:  MCorash@mofo.com

Lila M. Bateman
Morrison & Foerster LLP
370 17th Street, Suite 5200
Denver, CO  80202
Telephone: (303) 592-2203
Facsimile: (303) 592-1510
Email:  LBateman@mofo.com

Counsel for Defendants The Coca-Cola
Company, Gerber Products Company,
Hain Celestial Group, Inc., and Mott's
LLP

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 7, 2010

The Honorable Michael J. Watanabe
United States Magistrate Judge

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY STIPULATION AND PROTECTIVE ORDER

I, _____ [name], of _____

_____ [company, full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulation and

Protective Order that was issued by the United States District Court for the

District of Colorado on _____ [date] in the case of *Kennedy v. Coca-*

*Cola Co., et al.*, No. 10-cv-01623-REB-MJW. I agree to comply with and to be

bound by all the terms of this Stipulation and Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulation and

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the District of Colorado for the purpose of enforcing the terms of this

Stipulation and Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [name]

of _____ [address

and telephone number] as my Colorado agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulation and Protective Order.

Printed Name: _____

Date: _____

City and State where sworn and signed: _____

Signature: _____